## LOUIS RULLMAN v. GEORGE W. BARR.

1. DEED AS EVIDENCE — *Defective Acknowledgment.* The defective acknowledgment of a deed does not invalidate it, and the deed itself may be offered in evidence, although the seal of the officer taking the acknowledgment is not affixed.

2. SECONDARY EVIDENCE, *When Admitted.* To admit secondary evidence of a deed alleged to have been lost, the party offering it must have shown that he had in good faith and with reasonable diligence made a search for the same, using such sources of information and means of discovery as were reasonably accessible to him.

3. CASE-MADE — *Certificate of No Effect.* A certificate of the clerk of the district court attached to a case-made, after the same has been settled and signed, to the effect that all of the evidence produced upon the trial is included in such case-made, is of no effect, and unless the case-made which is served shows that the evidence is preserved, the sufficiency of the same cannot be reviewed.

*Error from Doniphan District Court.*

THE nature of the action and the material facts appear in the opinion herein, filed at the session of the court in February, 1895. Trial by the court below, at the January term, 1890, HON. JAMES FALLOON, judge *pro tem.*, presiding — a jury being waived. Judgment for plaintiff, *Barr*, and against defendant, *Rullman*, who brings the case to this court.

*Fred. J. Close*, for plaintiff in error.

*S. L. Ryan*, and *J. J. Baker*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: George W. Barr brought an action to re-cover from Louis Rullman the possession of two lots situate in the town of Wathena. At the trial, which was had with-out a jury, the court found in favor of Barr, awarding him full possession of one lot, and the possession of an undivided one-third of the other lot. Rullman alleges error, and his principal complaint is, that the findings of the court are not sustained by the evidence. This objection, however, is not available to him, for the reason that it does not appear from the record that all of the testimony has been preserved. There is a certificate of the clerk of the district court, made after the case had been settled and signed, to the effect that all of the evidence produced upon the trial was included in the case-made, but this is of no effect. (*Eddy v. Weaver*, 37 Kas. 540; *Railroad Co. v. Grimes*, 38 id. 241; *Lebold v. Ottawa Co. Bank*, 51 id. 381.)

A deed offered by Barr was admitted in evidence, and it is now contended that it was not properly authenticated, and therefore not admissible. The objection is that the notary public did not attach his seal to the acknowledgment. A defective acknowledgment, or the entire absence of one, would not invalidate the deed. If the record of the deed had been offered, the objection would have been material, but as the deed itself was produced, and no special objection was made with reference to its execution, the matter of acknowl-edgment was not important. Besides, the certificate of the notary specifically recites that he had affixed his notarial seal, and it is said that it was actually so authenticated, but that it was inadvertently omitted in preparing the case-made. No error was committed in the admission of the deed.

Another ground of complaint is the exclusion of a deed from Crabb to Taylor, claimed to have been executed in 1863. It was claimed that the deed was executed but never recorded, and had since been lost. A preliminary inquiry was made as to the execution, destruction, or loss of the deed, and the tes-

timony upon this point failed to convince the trial court that the loss or destruction was sufficiently proved to warrant the admission of secondary evidence.   The finding of the court that the testimony was insufficient to account for the loss is controlling here, in view of the fact that all of the testimony is not included in the record.   To admit secondary evidence of a deed alleged to have been lost, Rullman should have shown that he had in good faith and with reasonable diligence made a search, using such sources of information and means of discovery as were reasonably accessible to him. From the testimony which is in the record, it appears that this was not done, and hence it cannot be held that error was committed in refusing testimony of the contents of the deed. The judgment of the district court will be affirmed.

All the Justices concurring.